In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-303 CR


____________________



ZACHARY WAYNE COLEMAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 86502






MEMORANDUM OPINION


 Zachary Wayne Coleman pleaded guilty to the state jail felony offense of delivery
of a simulated controlled substance. See Tex. Health & Safety Code Ann. § 482.002
(Vernon Supp. 2003). Following a plea bargain agreement between Coleman and the
State, the trial court sentenced Coleman to 14 months of confinement in a state jail facility.
 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 19, 2002,
Coleman was given an extension of time in which to file a pro se brief. We received no
response from the appellant other than a request for a sentence reduction. Because the
appeal involves the application of well-settled principles of law, we deliver this
memorandum opinion. See Tex. R. App. P. 47.4.

 The general notice of appeal filed by Coleman failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Coleman raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM

Submitted on January 2, 2003

Opinion Delivered January 15, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).